■ The People of the State of New York, Respondent, v John Rocco, Also Known as John Ruocco, Appellant. [766 NYS2d 58] —Appeal by the defendant, as limited by his brief, from so much of a judgment of the County Court, Suffolk County (Farneti, J.), rendered April 4, 2001, as, upon his plea of guilty to violation of Tax Law § 1812 (b), imposed, as a condition of probation, a direction that the defendant not "use any computer for the purposes of sending e-mail or conducting business."

Ordered that the judgment is modified, on the law, by deleting so much of the challenged condition of probation as directed the defendant not to use any computer for the purpose of conducting business; as so modified, the judgment is affirmed insofar as appealed from.

The defendant pleaded guilty to violation of Tax Law § 1812 (b), relating to importation of motor fuel into the State of New York from the State of New Jersey without reporting the transactions to the New York State Department of Taxation and Finance, pursuant to a negotiated plea agreement which required him to serve 60 days in jail and make restitution, and imposed three years' probation. While awaiting sentence, the defendant was convicted of a misdemeanor in the State of Connecticut arising from harassment of his former wife by e-mail. The probation report recommended that as a condition of his probation, "the defendant not be allowed to engage in e-mail of any kind through the use [of] any computer, including his own."

As conditions of his probation, the defendant was required, inter alia, to "[w]ork faithfully at a suitable employment" and "[s]upport his * * * dependents and meet other family responsibilities." The condition at issue on this appeal directed the defendant "[n]ot to use any computer for the purposes of sending e-mail or conducting business."

Penal Law § 65.10 authorizes a court to impose conditions of probation which have a rehabilitative purpose, or which are "necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]; *see People v Myatt,* 248 AD2d 68 [1998]).

So much of the condition as prohibits the defendant from

sending e-mail is appropriate to prevent him from engaging in further criminal conduct relating to the use of e-mail. Other technologically efficient means of communication by telephone or facsimile machine are available.

However, so much of the condition imposes a blanket prohibition upon the use of a computer for the purpose of conducting business is not related to any legitimate purpose (*see People v Letterlough,* 86 NY2d 259 [1995]; *see also United States v Sofsky,* 287 F3d 122 [2002]). In contemporary society, it is difficult, if not impossible, to conduct business without the use of or access to a computer. Imposition of that condition is inconsistent with the other conditions imposed (*see* Penal Law § 65.10 [2] [c], [f]). Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.