OPINION OF THE COURT
Memorandum.
Judgment of conviction insofar as appealed from unanimously modified on the law by striking so much of the condition of probation as provides that defendant is not to possess or have access to a computer nor utilize the Internet; as so modified, affirmed.
Defendant pleaded guilty to attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30) relating to his use of a computer to send the complainant messages over the Internet in which defendant threatened to post photographs on the Internet of the complainant with a minor, and harm the complainant’s girlfriend and her child, if the complainant did not give him cash. Defendant was subsequently sentenced to a three-year term of probation which included the conditions that he “not possess or have access to a computer nor shall [he] utilize internet or email services while under supervision.” We note that the complainant was issued an order of protection by which defendant was prohibited from communicating to him by mail, telephone, e-mail, any form of Internet message or other electronic means. On appeal, defendant contends that the court below erred in imposing conditions of probation which prohibit him from “having any contact with computers.”
It is undeniable that in today’s society computers are virtually indispensable to many areas of our business and personal activities. The conditions of probation imposed herein would prohibit defendant from working in any business that has a computer to which he has access, and his school-aged children could not have a computer in their home. Defendant could not utilize many businesses and government agencies — such as libraries, airports, cafes and various stores — which provide computer access to their customers or the public. It is, simply, too difficult to conduct one’s life without finding oneself in a situation that affords access to a computer. Consequently, we find that the condition of probation imposing prohibitions upon defendant’s possession of, and access to, a computer, and his utilization of the Internet, are overbroad, not related to any le *7 gitimate purpose, and do not amount to a reasonable condition necessary or appropriate to ameliorate the conduct which gave rise to the defendant’s offense, or to prevent the incarceration of defendant (see Penal Law § 65.10 [5]; People v Rocco, 309 AD2d 882 [2003]; see also United States v Cabot, 325 F3d 384 [2003]; United States v Sofsky, 287 F3d 122 [2002]; United States v Peterson, 248 F3d 79 [2001]).
Notwithstanding the foregoing, restricting the ways in which defendant uses a computer, and the Internet, are reasonable conditions. Inasmuch as “[o]ther technologically efficient means of communication by telephone or facsimile are available” (Rocco, 309 AD2d at 883), we find that the condition of probation stating that defendant “shall not . . . utilize . . . email services while under supervision,” is necessary or appropriate to prevent him from engaging in further criminal conduct relating to the use of the Internet. Accordingly, the judgment of conviction is modified by striking the conditions of probation providing that defendant is not to “possess or have access to a computer nor shall [he] utilize [the] internet.”
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.