■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT HANNAH, Appellant. [887 NYS2d 140]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered September 6, 2007, convicting him of rape in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In 2007 the defendant was convicted, upon his plea of guilty, of rape in the second degree for engaging in sexual intercourse with a 14-year-old victim and was sentenced to 10 years probation. The sentence of probation included certain "Sex Offender Conditions of Probation" which, inter alia, prevented the defen-

dant from living "at a location where anyone under the age of 18 resides without the permission of the Probation Officer." The defendant contends that the subject conditions of probation violated his constitutional right to participate in the care, custody, and management of his natural children.

Penal Law § 65.10 authorizes a court to impose conditions of probation which "the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]). When imposing a sentence of probation, the court may require the defendant to comply with "any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]; *see People v Rocco,* 309 AD2d 882 [2003]). The statute also grants the court "wide latitude" to require a defendant to "[s]atisfy any other conditions reasonably related to his [or her] rehabilitation" (Penal Law § 65.10 [2] [*l*]; *see People v Griffith,* 239 AD2d 705, 706 [1997]). Under the circumstances, the subject conditions of probation were reasonably necessary to ensure that the defendant will lead a law-abiding life (*see People v McAllister,* 150 AD2d 913, 914 [1989]), and were reasonably related to advancing the defendant's rehabilitation for the sexual offense he perpetrated on the 14-year-old child (*see People v Swenson,* 12 AD3d 948 [2004]; *People v Griffith,* 239 AD2d at 706).

We reject the defendant's contention that the subject conditions of probation violated his constitutional rights (*see People v Whindleton,* 54 AD3d 422, 423 [2008]; *People v Wahl,* 302 AD2d 976 [2003]). "Although parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves" (*Wilkinson ex rel. Wilkinson v Russell,* 182 F3d 89, 104 [1999] [internal citations and quotation marks omitted], *cert denied* 528 US 1155 [2000]). Accordingly, the subject conditions of probation were properly imposed and were not violative of the defendant's constitutional rights. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.