People v Dranchuk (2022 NY Slip Op 01312)





People v Dranchuk


2022 NY Slip Op 01312


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2019-11393
 (Ind. No. 8907/18)

[*1]The People of the State of New York, respondent,
v
Volodymyr Dranchuk, appellant.


Patricia Pazner, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered September 13, 2019, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence of community service and a term of probation, including Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 28 from the conditions of probation; as so modified, the judgment is affirmed.
The defendant was sentenced to community service and a term of probation, in exchange for his plea of guilty to attempted assault in the second degree. His conviction arose from his assault of a taxi cab driver and theft of her cell phone. The defendant had no prior criminal history. By his own account to the probation department, the defendant was under the influence of alcohol at the time of the offense. However, the probation department, which did a substance abuse assessment, did not recommend that the defendant abstain from alcohol use or participate in a substance abuse program. The probation department did request that as a condition of probation, the defendant be required to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon, or other contraband found (Condition No. 28). At sentencing, the Supreme Court imposed the consent to search condition of probation. On appeal, the defendant argues that this condition of his probation was improperly imposed.
The defendant correctly argues, and the People do not dispute, that this issue was not required to be preserved for appellate review, and that appellate review is not precluded by his waiver of the right to appeal (see People v Hakes, 32 NY3d 624, 628 n 3; People v Acuna, 195 AD3d 854, 855; People v Romanelli, 188 AD3d 1354, 1355; People v Saraceni, 153 AD3d 1559, 1560).
Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." The statute "quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Letterlough, 86 NY2d 259, [*2]265).
Here, the defendant was a first-time offender and was not armed with a weapon at the time he committed the offense. While the defendant told the probation department that he was under the influence of alcohol at the time of the offense, he was not assessed as being in need of alcohol or substance abuse treatment. Under the circumstances, the consent to search condition of probation was improperly imposed because it was not individually tailored in relation to the offense, and was not, therefore, reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law abiding life (see People v Hale, 93 NY2d 454, 461; People v Acuna, 195 AD3d at 855; People v Mead, 133 AD3d 1257, 1258).
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court