People v Abbott (2022 NY Slip Op 01460)





People v Abbott


2022 NY Slip Op 01460


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2020-03388
 (Ind. No. 71/19)

[*1]The People of the State of New York, respondent,
v
Anthony J. Abbott, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered March 13, 2020, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, and intelligent, since he did not move to withdraw his plea on this ground or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Headley, 197 AD3d 1329). In any event, contrary to the defendant's contention, the record reveals that he was, in fact, advised during the plea allocution that the promised sentence would run consecutively to a term of imprisonment he was already serving. Thus, the record demonstrates that his plea was entered knowingly, voluntarily, and intelligently.
The defendant's contention that an appeal waiver was imposed by the County Court as a condition of the plea agreement, without having been requested by the People, is not supported by the plea minutes (see People v Winfield, 173 AD3d 1228). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248).
The defendant's remaining contentions are similarly foreclosed by his valid appeal waiver.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court