People v Lowe (2023 NY Slip Op 02330)

People v Lowe

2023 NY Slip Op 02330

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-12655
 (Ind. No. 6835/18)

[*1]The People of the State of New York, respondent,
v
Asa Lowe, appellant.

Patricia Pazner, New York, NY (Anna Kuo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel; Darci Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne Quinones, J.), rendered October 3, 2019, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including October 2, 2042, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, consistent herewith; and it is further,
ORDERED that pending the new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248; People v Gibbs, 183 AD3d 761; People v Howard, 178 AD3d 730). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
The defendant's contention that the order of protection issued at the time of sentencing failed to include his jail-time credit is unpreserved for appellate review as the defendant did not challenge the duration of the order of protection at sentencing, or move to amend the order of protection anytime thereafter (see People v Nieves, 2 NY3d 310, 316-317; People v Ramos, 164 AD3d 922, 923). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see People v Chambers, 177 AD3d 645, 646; People v Ramos, 164 AD3d at 923). As the People correctly concede, the order of protection exceeded the maximum time limit set forth in CPL 530.13(4), and failed to take into account the defendant's jail-time credit. Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including [*2]October 2, 2042, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Jeremiah, 194 AD3d 840, 842; People v Chambers, 177 AD3d at 645).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court