People v Coad (2023 NY Slip Op 02794)

People v Coad

2023 NY Slip Op 02794

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-08315
 (Ind. No. 921/18)

[*1]The People of the State of New York, respondent,
v
Darryl Coad, appellant.

Kristina S. Heuser, Locust Valley, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered June 20, 2019, convicting him of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree (two counts), operating a motor vehicle while under the influence of drugs (two counts), driving while impaired by the combined influence of drugs or of alcohol and any drug or drugs, and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of the right to counsel was not knowing, voluntary, and intelligent is without merit. The Supreme Court engaged in a "searching inquiry" to clarify that the defendant understood the ramifications of proceeding pro se before accepting the defendant's waiver (People v Stone, 22 NY3d 520, 525 [internal quotation marks omitted]; see People v Providence, 2 NY3d 579, 582-584).
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, intelligent, and voluntary since he did not move to withdraw his plea on that ground or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Abbott, 203 AD3d 840, 841). In any event, contrary to the defendant's contention, the record of the plea proceeding demonstrates that the defendant's plea was a knowing, intelligent, and voluntary choice (see People v Goldstein, 12 NY3d 295, 301; People v McDonnell, 214 AD3d 826).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court