People v Constantine (2024 NY Slip Op 00325)

People v Constantine

2024 NY Slip Op 00325

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-09029
 (Ind. No. 92/21)

[*1]The People of the State of New York, respondent, 
v
Dijion Constantine, appellant.

Christopher E. Gurda, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered November 15, 2021, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent because the sentencing promise was not adequately explained to him at the plea proceeding is unpreserved for appellate review, as he did not move to withdraw his plea on this ground or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Abbott, 203 AD3d 840). Furthermore, contrary to the defendant's contention, since the sentencing promise was repeated on the record at the outset of the sentencing proceeding, giving the defendant ample opportunity to object prior to the imposition of the sentence if it did not comport with his understanding of the promise, preservation was required (see People v Bush, 38 NY3d 66, 71). In any event, the defendant's contention is without merit, as the record reveals that the sentencing promise was clearly and adequately explained to the defendant during the plea allocution before the court accepted his plea of guilty (see People v Abbott, 203 AD3d 840).
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court