People v Fields (2024 NY Slip Op 24232)

[*1]

People v Fields (Siean)

2024 NY Slip Op 24232

Decided on August 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on August 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-768 Q CR

The People of the State of New York, Respondent,
against
Siean Fields, Appellant. 

Appellate Advocates (Victoria L. Benton of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Edwin I. Novillo, J.), rendered August 18, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a forged instrument in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law, by deleting Condition No. 31 from the conditions of probation; as so modified, the judgment of conviction is affirmed.
Defendant pleaded guilty to criminal possession of a forged instrument in the third degree (Penal Law § 170.20) in satisfaction of an accusatory instrument which also charged him with menacing in the second degree (Penal Law § 120.14 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Defendant's conviction stemmed from an incident in which he fired four gunshots in the victim's direction, told the victim, "I know where you live at, I will kill you," and fled the scene in a vehicle bearing a forged temporary license plate. Defendant was sentenced to a definite term of incarceration of 20 days to be a condition of and to run concurrently with a three-year term of probation (see Penal Law § 60.01 [2] [d]). At [*2]sentencing, the Criminal Court imposed various conditions of defendant's probation, including, as relevant to this appeal, Condition No. 11, which required that defendant "not possess or purchase a firearm, rifle, shotgun or other gun"; Condition No. 23, which required defendant to "[p]articipate in an alcohol, substance abuse, intervention, domestic violence or alternative to violence program as directed by the Department of Probation"; Condition No. 28, which required that defendant consent to a search by his probation officer of his person, vehicle, or place of abode for "illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband"; and Condition No. 31, which required defendant to "[r]efrain from using cannabis and concentrated cannabis."
A court has broad discretion to impose conditions of probation deemed reasonably related to a defendant's rehabilitation, reasonably necessary to ensure that the defendant will lead a law-abiding life, reasonably necessary to ameliorate the conduct which gave rise to the offense, and reasonably necessary to prevent future incarceration (see Penal Law § 65.10 [1], [2], [5]). In imposing probation conditions, the sentencing court has "the discretion to consider [the] defendant's prior criminal history, including crimes for which [the defendant] was never tried or convicted" (People v Bania, 9 Misc 3d 135[A], 2005 NY Slip Op 51682[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see People v Cunningham, 153 AD2d 700 [1989]). In imposing Condition Nos. 11, 23, and 28, it was within the Criminal Court's discretion to consider the charges of menacing in the second degree and criminal possession of a weapon in the fourth degree and the "violent nature of defendant's conduct" which led to these charges (People v Knight, 2003 NY Slip Op 51343[U], *3 [App Term, 1st Dept 2003]). Consequently, Condition Nos. 11, 23, and 28 were reasonably related to defendant's rehabilitation and necessary to ensure that defendant will lead a law-abiding life and avoid future incarceration (cf. People v Mensah, 221 AD3d 732 [2023]; People v Dranchuk, 203 AD3d 741 [2022]; People v Acuna, 195 AD3d 854 [2021]).
However, although defendant told the probation department that he used marijuana daily, marijuana use was not related to, or implicated in, any of the offenses with which defendant was charged, nor did the probation department assess defendant as being in need of substance abuse treatment. Moreover, at the time of sentencing, Penal Law article 221 had been repealed and replaced with Penal Law article 222 (see L 2021, ch 92, §§ 15-16). Under the circumstances, Condition No. 31, which required defendant to "[r]efrain from using cannabis and concentrated cannabis," was improperly imposed because it was not individually tailored in relation to the offense, and was not, therefore, reasonably related to defendant's rehabilitation or necessary to ensure that defendant will lead a law-abiding life (see People v Saraceni, 153 AD3d 1559 [2017]).
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Cheme, 70 Misc 3d 129[A], 2020 NY Slip Op 51519[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Ma, 63 Misc 3d 159[A], 2019 NY Slip Op 50874[U] [App Term, 2d Dept, 2d, 11th & [*3]13th Jud Dists 2019]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence as a matter of discretion in the interest of justice (see People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Cheme, 2020 NY Slip Op 51519[U]; Ma, 2019 NY Slip Op 50874[U]; People v Rosario, 47 Misc 3d 141[A], 2015 NY Slip Op 50622[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
While an order of protection issued in favor of the victim at the time of sentencing can be reviewed upon an appeal from the judgment of conviction (see People v Nieves, 2 NY3d 310, 315 [2004]), here, defendant's challenge to the final order of protection is unpreserved for appellate review because defendant failed to object to the issuance of the order of protection, which was an agreed-upon term of the plea bargain, and did not move to vacate or amend the order in the Criminal Court (see CPL 470.05 [2]; Nieves, 2 NY3d at 316-317; People v Etienne, 70 Misc 3d 144[A], 2021 NY Slip Op 50212[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Swinton, 63 Misc 3d 156[A], 2019 NY Slip Op 50825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). We decline to review defendant's contention in the exercise of our interest of justice jurisdiction (see People v Mensah, 221 AD3d 732 [2023]; People v Tlatelpa, 76 Misc 3d 132[A], 2022 NY Slip Op 50912[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the judgment of conviction is modified by deleting Condition No. 31 from the conditions of probation.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 9, 2024