People v Castro (2024 NY Slip Op 51550(U))

[*1]

People v Castro (Rafael)

2024 NY Slip Op 51550(U)

Decided on November 1, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 1, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-829 Q CR

The People of the State of New York, Respondent, 
against
Rafael Castro, Appellant. 

Appellate Advocates (Maisha Kamal of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Joseph M. DiPietro of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Queens County (Danielle Hartman, J.), imposed September 6, 2022, upon defendant's conviction of criminal contempt in the second degree, upon a plea of guilty.

ORDERED that the sentence is affirmed.
Defendant pleaded guilty to one count of criminal contempt in the second degree (Penal Law § 215.50 [3]) in satisfaction of an accusatory instrument that had initially charged him with criminal mischief in the third degree (Penal Law § 145.05), two counts of criminal contempt in the first degree (Penal Law § 215.51 [b]), two counts of assault in the third degree (Penal Law § 120.00 [1], [2]), five counts of criminal contempt in the second degree (Penal Law § 215.50 [3]), and harassment in the second degree (Penal Law § 240.26 [1]). Pursuant to a global plea and sentencing agreement, which included two other pending criminal actions against defendant, the Criminal Court sentenced defendant to three years' probation. On appeal, defendant contends that his sentence is excessive and that it should be reduced to two years' probation as a matter of discretion in the interest of justice.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Fields, — Misc 3d &mdash, 2024 NY Slip Op 24232 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Under the circumstances presented, we find no basis to deviate [*2]from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence as a matter of discretion in the interest of justice (see People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Fields, — Misc 3d &mdash, 2024 NY Slip Op 24232).
Accordingly, the sentence is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 1, 2024