People v Alvarez (2024 NY Slip Op 06662)

People v Alvarez

2024 NY Slip Op 06662

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Ind. No. 70943/22 Appeal No. 3327 Case No. 2023-01989 

[*1]The People of the State of New York, Respondent,
v
Jacob Alvarez, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kate Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (George Villegas, J., at plea; Timothy W. Lewis, J., at sentencing), rendered September 19, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years' probation, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of striking the condition of probation prohibiting defendant from using or entering any Metropolitan Transportation Authority subway, train, bus, or other conveyance or facility for a period of up to three years, and vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses his claim that his sentence is excessive. In any event, we perceive no basis for reducing the sentence.
Defendant's valid waiver of his right to appeal also forecloses review of his Second Amendment challenge (see People v Johnson, 225 AD3d 453, 353-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). In any event, his claim is unpreserved, and we decline to review it in the interest of justice (People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). As an alternative holding, we find that defendant has failed to establish that he has standing to challenge Penal Law § 265.01[1], or that the statute is unconstitutional under New York State Rifle & Piston Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Jackson, 225 AD3d at 548).
The court improperly imposed, as a condition of probation, a requirement that defendant "[r]efrain from using or entering any Metropolitan Transportation Authority subway, train, bus, or other conveyance or facility for a period of up to three years." Defendant did not commit the instant crime, or have a history of misconduct, on public transportation. Accordingly, the prohibition from using or entering any public transportation conveyance or facility was not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied, 39 NY3d 1109 [2023]; People v Dranchuk, 203 AD3d 741, 742 [2d Dept 2022]). Because this issue implicates the legality of the sentence imposed, it survives defendant's waiver of the right to appeal and does not require preservation for appellate review (see People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Velardo, 228 AD3d 520, 521 [1st Dept 2024]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024