People v Sobers (2025 NY Slip Op 00992)

People v Sobers

2025 NY Slip Op 00992

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-05454
 (Ind. No. 1451/20)

[*1]The People of the State of New York, respondent,
v
Dasean Sobers, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered June 30, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
In 2022, the defendant was convicted, upon his plea of guilty, of criminal possession of a firearm. The defendant was sentenced to a three-year term of probation. A particular condition of probation (Condition No. 14) required the defendant to "[s]upport dependents and meet other family responsibilities." The defendant appeals, contending that the sentence was excessive and that Condition No. 14 was improperly imposed.
Contrary to the defendant's contention, under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the appeal waiver was mentioned as being a condition of the plea bargain prior to the defendant's plea of guilty and admission of guilt. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver" or that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Bryant, 28 NY3d 1094, 1095-1096; People v Williams, 227 AD3d 480, 481). Moreover, contrary to the defendant's contention, the Supreme Court adequately explained and the defendant acknowledged that he understood the nature of the right to appeal and the consequences of waiving that right (see People v Cabral, 223 AD3d 839, 839), and the court did not mischaracterize the nature or scope of the waiver (see People v Headley, 197 AD3d 1329, 1330). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
The defendant's contention that Condition No. 14 was improperly imposed was not [*2]required to be preserved for appellate review and is not precluded by his waiver of the right to appeal (see People v Dranchuk, 203 AD3d 741, 742).
"Pursuant to Penal Law § 65.10(1), conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that [a] defendant will lead a law-abiding life or to assist [the defendant] to do so'" (People v Dranchuk, 203 AD3d at 742, quoting Penal Law § 65.10[1]; see People v Hakes, 32 NY3d 624, 628). "The statute 'quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation'" (People v Dranchuk, 203 AD3d at 742-743, quoting People v Letterlough, 86 NY2d 259, 265; see People v Mensah, 221 AD3d 732, 733).
Here, under the circumstances of this case, Condition No. 14, requiring that the defendant "[s]upport dependents and meet other family responsibilities," was improperly imposed because it was not individually tailored in relation to the offense and therefore, was not reasonably related to the defendant's rehabilitation or necessary to insure that he will lead a law-abiding life (see People v Hale, 93 NY2d 454, 461; People v Mensah, 221 AD3d at 733).
The defendant's remaining contention need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court