People v Brazeal (2025 NY Slip Op 00976)

People v Brazeal

2025 NY Slip Op 00976

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-06400
 (Ind. No. 73402/21)

[*1]The People of the State of New York, respondent,
v
Jarelle Brazeal, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Abena Darkeh, J.), rendered June 2, 2022, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted on various charges for stabbing his husband with a kitchen knife. In exchange for his plea of guilty to attempted assault in the second degree in full satisfaction of the indictment, the defendant was sentenced to a term of probation of five years. At sentencing, the Supreme Court, based on a recommendation from the probation department, imposed a condition of probation (hereinafter Condition No. 28) requiring the defendant to consent to searches by a probation officer of his person, vehicle, and place of abode, and the seizure of any weapons or other contraband discovered during those searches. The defendant appeals.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Thompson, 225 AD3d 713, 714; People v Cabral, 223 AD3d 839, 839). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Cabral, 223 AD3d at 839). However, the defendant correctly asserts, and the People do not dispute, that his challenge to Condition No. 28 survives his waiver of the right to appeal (see People v Velardo, 228 AD3d 520, 521; People v Dranchuk, 203 AD3d 741, 742; People v Mead, 133 AD3d 1257, 1258).
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so'" (People v Mensah, 221 AD3d 732, 733). "In Penal Law § 65.10(2), the Legislature set forth a list of conditions intended as rehabilitative" (People v Joseph D., 226 AD3d 922, 923), including "a catchall provision which allow[s] . . . courts to set 'any other conditions reasonably related to [the defendant's] rehabilitation'" (People v Hakes, 32 NY3d 624, 629, quoting Penal Law § 65.10[2][l]). Sentencing courts may also impose conditions "requir[ing] that the defendant comply with any other reasonable condition . . . necessary or [*2]appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10[5]; see People v Hannah, 65 AD3d 1378, 1379). Therefore, sentencing courts may require a defendant to consent to searches by his or her probation officer for weapons or other contraband, so long as the condition is "reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life" (People v Mensah, 221 AD3d at 733; see People v Hale, 93 NY2d 454, 461). To satisfy this standard, courts must ensure that the condition is "individually tailored in relation to the offense" (People v Dranchuk, 203 AD3d at 743) and the defendant's particular circumstances, including his or her "background, history, and proclivities" (People v Hale, 93 NY2d at 461; see People v Acuna, 195 AD3d 854, 855).
Here, the Supreme Court properly imposed Condition No. 28 upon the defendant. "[G]iven that [the] defendant used a weapon during the underlying offense, along with his history of violence . . . , the imposition of the condition was 'reasonably necessary to insure that [he] will lead a law-abiding life or to assist him to do so'" (People v Scott, 226 AD3d 443, 443-444, quoting Penal Law § 65.10[1]; see People v Fields [Siean], _____ Misc 3d _____, _____, 2024 NY Slip Op 24232, *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; cf. People v Mensah, 221 AD3d at 733). To the extent the defendant asserts that the imposition of this condition was improper because he did not consent to it as part of the plea agreement, his contention is without merit (see CPL 410.10[1]; People v Gravino, 14 NY3d 546, 559; People v Bermudez, 171 AD3d 777, 778).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court