People v Mantilla (2025 NY Slip Op 01644)

People v Mantilla

2025 NY Slip Op 01644

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-03044
 (Ind. No. 70227/22)

[*1]The People of the State of New York, respondent, 
v
Kane M. Mantilla, also known as Kane Michael Mantilla, also known as Kane Mantillo, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano and Lisa Napoli of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered February 6, 2023, convicting him of aggravated criminal contempt, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was sentenced to a five-year term of probation, following his plea of guilty to aggravated criminal contempt. The Supreme Court imposed a condition of probation (hereinafter Condition No. 28) requiring the defendant to consent to searches by a probation officer of his person, vehicle, and place of abode, and the seizure of any weapons or other contraband discovered during those searches. The defendant appeals.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bryant, 28 NY3d 1094, 1096; People v Lopez, 6 NY3d 248, 256). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256; People v Lowe, 216 AD3d 670, 671). However, the defendant's challenge to Condition No. 28 survives his waiver of the right to appeal (see People v Brazeal, _____ AD3d _____, 2025 NY Slip Op 00976; People v Dranchuk, 203 AD3d 741, 742).
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so'" (People v Mensah, 221 AD3d 732, 733). "In Penal Law § 65.10(2), the Legislature set forth a list of conditions intended as rehabilitative" (People v Joseph D., 226 AD3d 922, 923), including "a catchall provision which allow[s] . . . courts to set 'any other conditions reasonably related to [the defendant's] rehabilitation'" (People v Hakes, 32 NY3d 624, 629, quoting Penal Law § 65.10[2][l]). Sentencing courts may also impose conditions "requir[ing] that the defendant comply with any other reasonable condition . . . necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10[5]; see People v Hannah, 65 AD3d 1378, 1379). Therefore, sentencing courts may require a defendant to consent to searches by his or her probation officer for weapons or other contraband, so long as the condition is "reasonably related to the defendant's [*2]rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life" (People v Mensah, 221 AD3d at 733; see People v Hale, 93 NY2d 454, 461). To satisfy this standard, courts must ensure that the condition is "individually tailored in relation to the offense" (People v Dranchuk, 203 AD3d at 743) and the defendant's particular circumstances, including his or her "background, history, and proclivities" (People v Hale, 93 NY2d at 461; see People v Acuna, 195 AD3d 854, 855).
Here, the Supreme Court properly imposed Condition No. 28 upon the defendant. Given that the defendant allegedly used a dangerous instrument (see Penal Law § 10.00[13]; see also People v Vega, 33 NY3d 1002, 1004) in the commission of several of the underlying charged offenses, along with his history of violence directed towards the victim, the imposition of this condition was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Brazeal, _____ AD3d _____, 2025 NY Slip Op 00976; People v Scott, 226 AD3d 443, 443-444). To the extent that the defendant contends that the imposition of this condition was improper because it was not part of his plea agreement, his contention is without merit (see CPL 410.10[1]; People v Gravino, 14 NY3d 546, 559; People v Bermudez, 171 AD3d 777, 778).
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.

2023-03044 DECISION & ORDER ON MOTION
The People, etc., respondent, v Kane M. Mantilla,
also known as Kane Michael Mantilla,
also known as Kane Mantillo, appellant.
(Ind. No. 70227/22)

Appeal from a judgment of the Supreme Court, Richmond County, rendered February 6, 2023. Motion by the respondent, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated November 6, 2024, that branch of the motion which is to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief is denied.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court