People v Dominguez (2025 NY Slip Op 05249)

People v Dominguez

2025 NY Slip Op 05249

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-09083

[*1]The People of the State of New York, respondent,
v
Ralph W. Dominguez, appellant. (S.C.I. No. 71831/23.)

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Danielle Sciarretta of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered August 18, 2023, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Cabral, 223 AD3d 839, 839; People v Headley, 197 AD3d 1329, 1330). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Cabral, 223 AD3d at 839; People v Porter, 210 AD3d 911, 911).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Mujica, 236 AD3d 677, 677; People v Bermudez-Cedillos, 228 AD3d 681, 682), and the narrow exception to the preservation rule is inapplicable to this case (see People v Lee, 225 AD3d 788, 789; People v Gayle, 219 AD3d 1346, 1347). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Gaity, 216 AD3d 667, 668).
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court