People v Larkin (2025 NY Slip Op 06077)

People v Larkin

2025 NY Slip Op 06077

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-03948
 (Ind. No. 774/19)

[*1]The People of the State of New York, respondent,
v
Nila Larkin, appellant. Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Richard W. Helms of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered April 21, 2023, convicting her of assault in the third degree, upon her plea of guilty, and imposing sentence of a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Thomas, 34 NY3d 545). Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted her guilt, the appeal waiver was mentioned as being a condition of the plea agreement prior to the defendant's plea of guilty and admission of guilt, and the Supreme Court noted that defense counsel was in possession of the written waiver of the right to appeal, which was awaiting signature by the defendant in open court. Accordingly, the defendant's waiver of her right to appeal was valid (see People v Morao, 238 AD3d 1175, 1175).
The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256). However, the issue of whether the five-year duration of an order of protection against the defendant was an improvident exercise of discretion survived the valid waiver of the right to appeal (see People v Almonds, 238 AD3d 893, 893). Nevertheless, the defendant's contention in that regard is unpreserved for appellate review (see People v Escobargarcia, 237 AD3d 1221) and, in any event, without merit.
The defendant's challenge to a condition of her probation, specifically, Condition No. 14, was not precluded by the waiver of the right to appeal, and that challenge did not require preservation (see People v Dranchuk, 203 AD3d 741). This Court, in People v Sobers (235 AD3d 908, 909-910), held that "Condition No. 14, requiring that the defendant '[s]upport dependents and meet other family responsibilities,' was improperly imposed because it was not individually tailored in relation to the offense and therefore, was not reasonably related to the defendant's rehabilitation [*2]or necessary to insure that he will lead a law-abiding life." As the People correctly concede, those principles are applicable here, and that condition should be deleted.
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court