People v Bruno (2025 NY Slip Op 07396)

People v Bruno

2025 NY Slip Op 07396

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2023-03664
 (Ind. No. 70555/21)

[*1]The People of the State of New York, respondent,
vHerbert Bruno, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered March 31, 2023, convicting him of attempted promoting prostitution in the second degree, upon his plea of guilty, and sentencing him to a definite term of incarceration of 10 days, to be followed by a term of probation, which included Additional Condition No. 12, requiring the defendant to refrain from being at locations predominantly frequented by persons under the age of 18 unless given permission by the department of probation.
ORDERED that the judgment is modified, on the law, by deleting Additional Condition No. 12 from the conditions of probation; as so modified, the judgment is affirmed.
The defendant entered a plea of guilty to attempted promoting prostitution in the second degree and was sentenced to a term of incarceration of 10 days, to be followed by a 3-year term of probation. As part of the sentence of probation, the Supreme Court imposed conditions of probation, including a condition requiring the defendant to support dependents and meet other family responsibilities (Standard Condition No. 14), as well as additional conditions requiring the defendant to, inter alia, refrain from calling sexual explicit telephone services and submit copies of his telephone bills, upon request, to the department of probation (Additional Condition No. 3), refrain from possessing or viewing pornography or other sexually explicit material in any form (Additional Condition No. 5), consent to a search by a probation officer of his person, vehicle, computer, computer files, and place of abode (when such place of abode is legally under his control) and the seizure of any sexually explicit materials or data found (Additional Condition No. 7), refrain from engaging in any computer activity or service that involves sexually explicit material or any computer contact for the purpose of establishing a sexual relationship with a minor (Additional Condition No. 8), and refrain from being at locations predominantly frequented by persons under the age of 18 unless given permission by the department of probation (Additional Condition No. 12). The defendant appeals.
"Pursuant to Penal Law § 65.10(1), conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that [a] defendant will lead a law-abiding life or to assist [the defendant] to do so'" (People v Dranchuk, 203 AD3d 741, 742, quoting Penal Law § 65.10[1]; see People v Hakes, 32 NY3d 624, 628). "The conditions and requirements are to be [*2]tailored to suit the probationer" (People v Hale, 93 NY2d 454, 461), and the sentencing court is empowered to require that the probationer "[s]atisfy any other conditions reasonably related to his [or her] rehabilitation" (Penal Law § 65.10[2][l]; see People v Hale, 93 NY2d at 461).
Here, the Supreme Court properly imposed Standard Condition No. 14, as the defendant has children for whom he is obligated to provide support (see Penal Law § 65.10[2][f]; People v Archibald, 241 AD3d 837, 839). The defendant's constitutional challenge to so much of this condition as required him to "meet other family responsibilities" is unpreserved for appellate review (see People v Archibald, 241 AD3d at 839), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The Supreme Court also properly imposed Additional Condition Nos. 3, 5, 7, and 8, as these conditions were reasonably related to the defendant's rehabilitation and necessary to ensure that the defendant will lead a law-abiding life (see Penal Law § 65.10[4-a], [5-a]; People v Hale, 93 NY2d at 461).
However, as the People concede, Additional Condition No. 12 was improperly imposed, as the record indicates that the Supreme Court intended to strike this condition upon defense counsel's objection. Accordingly, we modify the conditions of probation by deleting Additional Condition No. 12.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court