People v Soto (2026 NY Slip Op 00153)

People v Soto

2026 NY Slip Op 00153

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-12199
 (Ind. No. 72434/23)

[*1]The People of the State of New York, respondent,
vMiguel Soto, appellant.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Brian Umana of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne Quinones, J.), rendered December 4, 2023, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bolton, 235 AD3d 995; People v Lowe, 216 AD3d 670). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Moranski, _____ AD3d _____, 2025 NY Slip Op 06336).
Although the defendant had the opportunity to object to the duration of the order of protection issued at the time of sentencing, he declined to do so. Therefore, his contention in that regard is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Johnson, 241 AD3d 706, 707; People v Person, 233 AD3d 804).
BARROS, J.P., GENOVESI, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court