People v DeRobertis (2021 NY Slip Op 01062)





People v DeRobertis


2021 NY Slip Op 01062


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-14646 
2018-14647

[*1]The People of the State of New York, respondent,
v
George DeRobertis, appellant. (Ind. Nos. 10227/17, 223/18)


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Martin P. Murphy, J.), both rendered November 2, 2018, convicting him of grand larceny in the third degree under Indictment Number 10227/17, and burglary in the third degree under Indictment Number 223/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contentions regarding three final orders of protection issued at the time of sentencing are unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318). Moreover, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317). Under the circumstances presented, we decline to review the defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction (see People v Colon, 187 AD3d 780; People v Daniel A., 183 AD3d 909; People v Flores, 178 AD3d 726).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court