People v Acuna (2021 NY Slip Op 03846)





People v Acuna


2021 NY Slip Op 03846


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08302
 (Ind. No. 8668/18)

[*1]The People of the State of New York, respondent,
v
Edgar Acuna, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Shalom J. Twersky, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered July 10, 2019, convicting him of burglary in the third degree and criminal contempt in the second degree, upon his plea of guilty, and imposing concurrent terms of probation, including Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 28 from the conditions of probation; as so modified, the judgment is affirmed.
In exchange for his plea of guilty to burglary in the third degree and criminal contempt in the second degree, the defendant was sentenced to four years' probation and three years' probation, respectively, to run concurrently. There is no indication in the record that the conditions of probation were discussed at any time prior to the imposition of sentence. One of the conditions of probation (Condition No. 28) required the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found. On appeal, the defendant argues that this condition of his probation was improperly imposed.
Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." The statute "quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Letterlough, 86 NY2d 259, 265).
The defendant correctly argues that he was not required to preserve this issue for appellate review (see People v Hakes, 32 NY3d 624, 628 n 3; People v Letterlough, 86 NY2d at 263 n 1; Matter of Brandon W., 28 AD3d 783, 785).
The defendant was not under the influence of any substance or armed with a weapon when he committed the crimes at issue, and his criminal history did not include offenses involving [*2]substance abuse or weapons. As such, the consent to search condition of probation was improperly imposed because it was not reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law abiding life (see People v Saraceni, 153 AD3d 1559, 1560; People v Mead, 133 AD3d 1257, 1258).
LASALLE, P.J., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court