People v Mensah (2023 NY Slip Op 05622)

People v Mensah

2023 NY Slip Op 05622

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-07865
 (Ind. No. 70890/22)

[*1]The People of the State of New York, respondent,
v
Dickson Mensah, appellant.

Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (E. Niki Warin, J.), rendered August 25, 2022, convicting him of assault in the second degree, upon his plea of guilty, and sentencing him to a definite term of incarceration of one day, to be followed by a term of probation, which included as a condition Condition No. 28, requiring the defendant to consent to a search by a probation officer or a probation officer and his or her agent of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon, or contraband found during the search. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 28 from the conditions of probation; as so modified, the judgment is affirmed.
The defendant was sentenced to a definite term of incarceration of one day, to be followed by a three-year term of probation, following his plea of guilty to assault in the second degree. The defendant's conviction stemmed from an October 8, 2021 incident, where he threw boiling water in his wife's face, causing her to sustain redness and welting on her face. The defendant had no prior criminal history and had voluntarily enrolled in counseling services following the incident. At sentencing, the Supreme Court, as a condition of probation (Condition No. 28), required the defendant to consent to a search by a probation officer or a probation officer and his or her agent of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, weapons, or contraband found during the search. On appeal, the defendant argues that this condition of his probation was improperly imposed.
Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." The statute "quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Letterlough, 86 NY2d 259, 265).
Here, the defendant was a first-time offender and was not armed with a weapon at the time he committed the offense. Additionally, the defendant has not been assessed as being in need [*2]of alcohol or substance abuse treatment. Under the circumstances, the consent to search condition of probation was improperly imposed because it was not individually tailored in relation to the offense, and was not, therefore, reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life (see People v Hale, 93 NY2d 454, 461; People v Dranchuk, 203 AD3d 741; People v Acuna, 195 AD3d 854, 855; People v Mead, 133 AD3d 1257, 1258).
The defendant's contentions regarding the final order of protection issued at the time of sentencing are unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v DeRobertis, 191 AD3d 898). Under the circumstances, we decline to review these contentions in the exercise of our interest of justice jurisdiction (see People v DeRobertis, 191 AD3d 898; People v Rodriguez, 191 AD3d 807, 808; People v Hampton, 186 AD3d 855). "'[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [an order of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary'" (People v Holmes, 206 AD3d 761, 762, quoting People v Nieves, 2 NY3d at 317; see People v DeRobertis, 191 AD3d 898; People v Rodriguez, 191 AD3d at 808; People v Hampton, 186 AD3d 855).
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court