People v Rogers (2025 NY Slip Op 00884)

People v Rogers

2025 NY Slip Op 00884

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-05000
 (Ind. No. 73088/21)

[*1]The People of the State of New York, respondent,
v
Jamal Rogers, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered June 6, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In exchange for his plea of guilty to criminal possession of a firearm, the defendant was sentenced to three years of probation. One of the conditions of probation (hereinafter Condition 28) required the defendant to consent to the search by a probation officer of his person, vehicle, and place of abode and the seizure of any illegal drugs, drug paraphernalia, gun/firearm, or other weapon or contraband found. On appeal, the defendant contends that Condition 28 was improperly imposed and that his sentence was excessive.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
However, as the defendant correctly contends, and the People do not dispute, the issue of whether Condition 28 was improperly imposed was not required to be preserved for appellate review, and appellate review is not precluded by the defendant's waiver of his right to appeal (see People v Dranchuk, 203 AD3d 741, 742; People v Acuna, 195 AD3d 854, 855).
As a general matter, Penal Law § 65.10(1) establishes that the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so" (People v Mensah, 221 AD3d 732, 733 [internal quotation marks omitted]; see People v Hakes, 32 NY3d 624, 628). "The statute quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Mensah, 221 AD3d at 733 [internal quotation marks omitted]). Thus, a "consent to search condition of probation" should be "individually tailored in relation to the [underlying] offense" (id.; see People v Mendoza, 231 AD3d 1170, 1170).
Here, under the circumstances, the consent to search condition of the defendant's probation was properly imposed, as it was individually tailored in relation to the underlying offense of criminal possession of a firearm and was, therefore, reasonably related to the defendant's rehabilitation or necessary to ensure that the defendant will lead a law-abiding life (see People v Mendoza, 231 AD3d at 1170). In other words, one way to encourage the defendant to lead a law-abiding life and refrain from possessing unlawful weapons was "to hold out the possibility that he would be checked up on" (People v Hale, 93 NY2d 454, 462). Moreover, the part of Condition 28 that purported to allow a probation officer, incident to a search of the defendant's person, vehicle, or place of abode, to seize illegal drugs or other contraband was not unlawful. As the People note, a probation officer otherwise conducting a lawful search would be entitled to seize any contraband found regardless of Condition 28 being in place (see generally People v Brown, 96 NY2d 80, 89).
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court