People v Sanchez (2025 NY Slip Op 50283(U))

[*1]

People v Sanchez

2025 NY Slip Op 50283(U)

Decided on March 5, 2025

District Court Of Nassau County, First Disctrict

Agazarian, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2025
District Court of Nassau County, First Disctrict

The People of the State of New York,

against
Wilson Sanchez, Defendant.

Docket No. CR-014801-24NA

Law Offices of Christopher Graziano
Anne Donnelly, District Attorney of Nassau County

Jaclene Agazarian, J.

PAPERS CONSIDERED:
Notice of Omnibus Motion 1
People's Affidavit and Memorandum in Opposition 2
Defendant's Affirmation in Reply to People's Opposition 3
 PRELIMINARY STATEMENT
Defendant was charged by felony complaint with two counts of Criminal Possession of a Controlled Substance in the Fifth Degree (Penal Law ["PL"] 220.06[5]) as a result of drugs recovered following a probation search of his residence on August 10, 2024. At his arraignment on August 11, 2024, the Court converted the felony complaint to a misdemeanor complaint, and reduced both charges to Criminal Possession of a Controlled Substance in the Seventh Degree (PL 220.03).
From the time of his arraignment on August 11, 2024, and continuing until December 3, 2024, the Defendant did not consent to any of the several adjournments necessary for the People to comply with their discovery obligations. On October 28, 2024, the People filed their Certificate of Compliance (hereinafter "COC") and Certificate of Readiness (hereinafter "COR") off calendar [FN1]
. The People concede that 79 [FN2]
days of speedy trial time were chargeable to them up until that point.
The People do not dispute that defense counsel objected to the COC by email on November 14, 2024, wherein he informed the People that documents and records relating to the Defendant's supervision by probation should have been turned over but were not. The People [*2]further do not dispute that they failed to offer any response to the email. At the scheduled court appearance on December 3, 2024, no additional discovery was provided and there was no indication of the People's intent to make any effort to obtain the requested records. Therefore, a briefing schedule was set and the instant motion was brought.
Defendant now moves for an order (1) deeming the People's COC and COR invalid due to their alleged failure to comply with their discovery obligations under CPL 245.20(1)(e), 245.50 and 30.30(5-a); (2) dismissing the accusatory instrument on speedy trial grounds pursuant to CPL 30.30(1)(b) and CPL 170.30(1)(e); or, in the alternative (3) suppressing property seized as the result of a warantless home search and in violation of the Fourth Amendment of the U.S. Constitution, or, in the alternative, directing that a hearing be held pursuant to People v. Peyton, 44 U.S. 573 (1980), to determine the admissibility of the property seized as a result of the warantless search; and (4) directing a hearing be held pursuant to People v. Sandoval and People v. Molineux.
For the reasons discussed herein, the Court finds that the People's failure to turn over the terms and conditions of the Defendant's probation, including the period of time during which he is subject to them, renders the COC and COR invalid, requiring the dismissal of this action on speedy trial grounds. 

THE ARGUMENTS
The Defendant argues, in pertinent part, that the People's COC and COR filed on October 28, 2024, is invalid due to their failure to disclose defendant's full probation case record and impeachment material for a testifying probation officer in accordance with CPL 245.20(1)(e) and 245.20(1)(k)(iv), respectively. In moving to invalidate the People's COC, defense counsel avers that the People failed to turn over "any records or documentation from the Nassau County Probation Department relating to their supervision of [defendant] as required under CPL 245.20(1)(e)." The defense further argues that the inclusion of "a local probation department" in the definition of a "law enforcement agency" under Public Officers Law §86(8), imputes possession of the defendant's complete probation case record, which is kept by the probation department pursuant to Title Nine, Section 348 of the New York Compilation of Rules and Regulations, to the People. Defense counsel suggests that this probation case record is a "law enforcement agency report" triggering disclosure under CPL 245.20(1)(e).
Additionally, defense counsel states that the People failed to turn over impeachment material, presumably for Probation Officer Rodriguez as he is the only probation officer listed on the People's Automatic Disclosure Form ("ADF") as a testifying witness, as prescribed by CPL 245.20(1)(k)(iv). Defense counsel submits that he timely objected to the People's COC on November 14, 2024, due to missing discovery, but the People never provided the requested materials.
The People admit that they did not disclose probation records and contend that a "probation officer is not considered a law enforcement agent under the definition of CPL 245 when acting in [a] probationary capacity."[FN3]
 Therefore, the People argue, they were not required [*3]to turn over the records since they are not within the People's custody and control. Notwithstanding, and citing to People v Bay, 41 NY3d 200 (2023), the People assert that even if they had an obligation to provide the materials, invalidation is not warranted as they exercised sufficient diligence in fulfilling their discovery obligations by having turned over "594 discovery items" prior to certifying compliance.

DISCUSSION
Section 245.20(1) of the CPL requires the prosecutor to disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." The statute then enumerates a non-exhaustive list of materials subject to disclosure (see People v Lewis, 72 Misc 3d 686 [Crim Ct, Kings County 2021]). Where discoverable material or information under CPL 245.20(1) exists but is not within the People's possession, custody or control, the People are required to "make a diligent, good faith effort to ascertain the existence of [that] material or information . . . and to cause such material or information to be made available for discovery. . ." (CPL 245.20[2]). A prosecutor, however, is not required to obtain such information or material by subpoena duces tecum where a defendant is able to do so (id.). Furthermore, "all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in possession of the prosecution" (id.).
After the People have complied with their obligation to provide discovery, and as relevant here, CPL 245.50(1) requires that the prosecutor: 
"shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided [. . .]. No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article."
Whether the People have complied with their statutorily prescribed discovery obligations, "is measured by a tally of the known and existing material, after the 'exercising of due diligence and making reasonable inquiries to ascertain its existence' (CPL 245.50 [1])" (People v Aquino, 72 Misc 3d 518, 525 [Crim Ct, Kings County 2021]). Thus, "[i]f the People establish that they exercised due diligence and acted in good faith in filing their certificate, their certificate of compliance shall be deemed valid" (People v Salters, 72 Misc 3d 1219(A)[Nassau Dist Ct, 2021]). 
However, as explained by the Court of Appeals in People v Bay, (41 NY3d 200 [2023]), "the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of due diligence." Thus, "where the People fail to set forth their efforts to locate items of discovery or determine that they do not exist, or the efforts they [*4]describe do not amount to due diligence, their certificate may be invalidated" (People v Perez, 73 Misc 3d 171, 177 [Sup Ct, Queens County 2021]). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented. . . . There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor'" (People v Bay, 41 NY3d 200 at 212).
First, with respect to whether probation should be deemed a "law enforcement agency," thereby deeming their records in control of the prosecution, it was a probation officer who entered the Defendant's home without a warrant, searched the home for contraband, ripped out a door frame, and recovered the drugs that led to Defendant's arrest. A reasonable reading of these facts lead one to conclude that the probation officer was acting in a law enforcement capacity. That is not to say, however, that a probation department is necessarily deemed "law enforcement" for the purposes of CPL 240.20 and that the entirety of their records should be deemed in the custody and control of the People.
In 2020, the Legislature repealed Civil Rights Law 50-a and amended Public Officers Law § 86 to include the definitions of "law enforcement disciplinary records," "law enforcement disciplinary proceeding," "law enforcement agency" and "technical infraction." In doing so, it was the Legislature's intent to make law enforcement disciplinary records available where they were previously protected under CPL 50-a (see People v Cooper, 71 Misc 3d 559 [County Court, Erie County 2021]; 2020 Sess. Laws of NY Ch. 96 (S.8496)(McKinney's). The 2020 amendments to Public Officers Law §86 created the language to effectuate this intent and, among other things, indicated from which departments and agencies those records could be sought by the public pursuant to the New York Freedom of Information Law ("FOIL") (see generally, Public Officers Law §§84 - 89), including a local probation department. This court is unaware of any authority that extends the definition of "law enforcement agency" under Public Officers Law §86(8) to the criminal discovery statute.
Nevertheless, Court's have recognized certain public officers and peace officers to be deemed law enforcement for the purposes of discovery compliance based upon the facts and circumstances of a particular case:
"[w]hile the Court does not hold that every record maintained by Parole should be subject to CPL 245.20 discovery, where, as here, Parole Officers, who are peace officers under CPL § 2.10(23) and are authorized to make warrantless arrests and searches in the performance of their special duties (CPL 140.25 et seq.), were instrumental in the investigation and apprehension of defendant, then Parole must be considered to be then acting as a law enforcement agency for purposes of section 245.20, and its records deemed to be in the People's possession (CPL§ 245.20(2))."
(People v. Turner, 71 Misc 3d 1219(A) [Sup Ct, Monroe County 2021]).
(See also People v. Howard, 78 Misc 3d 1103 [Crim Ct, Bronx County 2023] [because parole officers are employed by the Department of Corrections and Community Supervision, parole records are more likely to be within the "law enforcement chain" and thus in the possession of the prosecution]). 
Regardless, the court need not deem the probation department a law enforcement agency such that its records are within the People's possession under CPL 245.20(1)(e) in order to find [*5]that the People did not comply with their discovery obligations in this case.
The People claim, incorrectly, that they have no obligations regarding any probation material simply because it was not in their control. However, such material is discoverable, as it "relate[s] to the subject matter of the case." (C.P.L. § 245.20[1]). Accordingly, even if not in their control, the People had to make diligent, good-faith efforts to ascertain its existence and make it available (C.P.L. § 245.20[2]). The People have not alleged any effort at all made to obtain any record from probation regarding the Defendant's supervision, either before or after the defense attorney requested same. At minimum, the People were required to disclose the terms and duration of defendant's probation as that is what precipitated the search.[FN4]
Without undertaking these efforts the People cannot, in good faith, certify compliance, and in turn, validly state their readiness for trial (see People v Francis, 75 Misc 3d 1224[A][Crim Ct, Bronx County 2022]).
This entire case rests upon what the probation officer was permitted to do pursuant to the terms and conditions of the Defendant's probation. The terms and conditions, whatever they may be,[FN5]
are material to both the prosecution and to any defense regarding the legality and scope of the search. The factual portion of the accusatory instrument itself confirms that Officer Rodriguez was at the Defendant's home "as part of the conditions of the Defendants [sic] probation agreement" and his supporting deposition states that "under the conditions of Wilson's probation we are allowed to do unannounced visits at this residence." The Officer's supporting deposition goes on to assert that he "ripped off" the frame of Defendant's closet "[d]ue to his conditions of probation." In their opposition, the People also cite to the Defendant's "probation conditions" in support of their claim that the Defendant's constitutional rights were not violated and that he is not entitled to a pre-trial hearing. It would be unreasonable to conclude that the People had no obligation to seek out these records under the facts and circumstances of this case.
Additionally, the People do not address their alleged failure to disclose disciplinary records for Probation Officer Rodriguez, as required under CPL 245.20(1)(k)(iv).
Based upon the foregoing, branch (1) is GRANTED.
Turning now to defendant's motion to dismiss on speedy trial grounds, it is well settled that speedy trial time begins to run on the day following commencement of the criminal action (see People v Stiles, 70 NY2d 765 [1987]; see also People v De Cruze, 36 Misc 3d 1217[A] [Crim Ct, Kings County 2012]). According to CPL 30.30(1)(b), a motion made pursuant to CPL 170.30(1)(e) "must be granted where the people are not ready for trial within "ninety days of the commencement of a criminal action wherein," as here, "a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of [*6]more than three months and none of which is a felony." As the aforementioned charges include misdemeanors, punishable by imprisonment of more than three (3) months, the People were required to declare readiness within 90 days of the commencement of the action in order to survive dismissal.
Furthermore, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20" (CPL 30.30[5]). Suffice it to say, discovery compliance is a condition precedent to a valid announcement of readiness for trial (see People v Gonzalezyunga, 71 Misc 3d 1210[A] [Nassau Dist Ct, 2021]; People v Lobato, 66 Misc 3d 1230(A) [Crim Ct, Kings County 2020]; People v Mashiyach, 70 Misc 3d 456 [Crim Ct, Kings County 2020]). Moreover, "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending," the People cannot be deemed ready for trial unless they have filed a proper certificate of compliance (see CPL 245.50[3]).
In light of this court's decision granting invalidation of the People's COC and COR, this court finds that a total of (114) days are chargeable to the People from August 11, 2024, to December 3, 2024. As such, this court determines that the People have exceeded the time to declare trial readiness pursuant to CPL 30.30(1)(b). Accordingly, branch (2) is GRANTED.
As to the remainder of defendant's omnibus motion, same is DENIED as MOOT.
This constitutes the decision and order of the court.
Dated: March 5, 2025
HON. JACLENE AGAZARIAN

Footnotes

Footnote 1:When the parties appeared for the scheduled court appearance on October 24, 2024, the People were not yet certified and requested an adjournment until December 3, 2024, for discovery compliance. 

Footnote 2:The defense asserts only 78 days.

Footnote 3:The court notes, however, that the People list Probation Officer Rodriguez as a potential witness in their ADF under "CPL 245.20(1)(d) Law Enforcement Personnel."

Footnote 4:The Court notes that CPL 245.20(1)(n) requires the People to automatically disclose the existence of any search warrant and "all documents relating thereto," including the warrant and warrant application. 

Footnote 5:Conditions of probation are not always the same for every probationer and "shall be such as the court, in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (PL 65.10[1]). See also People v. Hale, 93 NY2d 454 [1999]; People v. Mensah, 221 AD3d 732 [2nd Dept 2023]; People v. Dranchuk, 203 AD3d 741 [2nd Dept 2022]; People v. Acuna, 195 AD3d 854 [2nd Dept 2001]).