People v Grandstand (2025 NY Slip Op 01386)

People v Grandstand

2025 NY Slip Op 01386

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-01658
 (Ind. No. 70792/21)

[*1]The People of the State of New York, respondent,
v
Rodney Grandstand, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered February 3, 2023, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In exchange for his plea of guilty to criminal possession of a firearm, the defendant was sentenced to two years of probation. One of the conditions of probation (hereinafter Condition 28) required the defendant to consent to the search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm, or other weapon or contraband found. On appeal, the defendant contends that Condition 28 was improperly imposed and that his sentence was excessive.
Penal Law § 65.10(1) establishes that the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (People v Mensah, 221 AD3d 732, 733 [internal quotation marks omitted]; see People v Hakes, 32 NY3d 624, 628). "The statute quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Mensah, 221 AD3d at 733 [internal quotation marks omitted]).
Here, under the circumstances, Condition 28 of the defendant's probation was properly imposed, as it was individually tailored in relation to the underlying offense of criminal possession of a firearm, and was, therefore, reasonably related to the defendant's rehabilitation or necessary to ensure that the defendant will lead a law-abiding life (see People v Rogers, _____ AD3d _____, 2025 NY Slip Op 00884; People v Mendoza, 231 AD3d 1170, 1170). Moreover, the part of Condition 28 that purported to allow a probation officer, incident to a search of the defendant's person, vehicle, or place of abode, to seize illegal drugs or drug paraphernalia was not unlawful. As the People note, a probation officer otherwise conducting a lawful search would be entitled to seize any contraband found regardless of Condition 28 being in place (see People v Rogers, _____ AD3d _____, 2025 NY Slip Op 00884; see generally People v Brown, 96 NY2d 80, 89).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court