People v Charles (2025 NY Slip Op 04103)

People v Charles

2025 NY Slip Op 04103

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-08692
 (Ind. No. 71750/22)

[*1]The People of the State of New York, respondent,
v
Joshua Charles, appellant.

Twyla Carter, New York, NY (Noah Breslau of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rhonda Z. Tomlinson, J.), rendered September 15, 2023, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm, or other weapon or contraband found.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 28 from the conditions of probation; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so." The statute "quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Letterlough, 86 NY2d 259, 265).
Here, the defendant was a first-time offender and was not armed with the weapon in issue at the time he committed the offense (see People v Mensah, 221 AD3d 732, 733; cf. People v Brazeal, 235 AD3d 890, 891-892). Additionally, the defendant has not been assessed as being in need of alcohol or substance abuse treatment. Under the circumstances, the consent to search condition of probation (Condition No. 28) was improperly imposed because it was not individually tailored in relation to the offense, and was not, therefore, reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life (see People v Hale, 93 NY2d 454, 461; People v Dranchuk, 203 AD3d 741, 742-743; People v Acuna, 195 AD3d 854, 855).
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court