People v Gibson (2025 NY Slip Op 06724)

People v Gibson

2025 NY Slip Op 06724

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-08579
 (Ind. No. 70533/23)

[*1]The People of the State of New York, respondent,
v
William Gibson, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Andreas T. Psahos on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered September 6, 2023, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm, or other weapon or contraband found.
ORDERED that the judgment is modified, on the law and in the exercise of discretion, by deleting Condition No. 28 from the conditions of probation; as so modified, the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of criminal contempt in the first degree and sentenced to a term of probation, which included Condition No. 28, requiring the defendant to consent to a search by a probation officer of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm, or other weapon or contraband found.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). The Supreme Court's oral explanation of the appeal waiver and its consequences was unclear and incomplete, and the written waiver cannot be relied upon to cure the deficiency because "the court did not ascertain on the record whether the defendant had read the written waiver, discussed it with his attorney, or was aware of its contents" (People v Hall, 224 AD3d 776, 776; see People v Harris, 241 AD3d 1586). Accordingly, the purported waiver of the right to appeal does not preclude appellate review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Generally, the conditions of probation "shall be such as the court, in its discretion, [*2]deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so" (Penal Law § 65.10[1]). In addition to specific conditions enumerated in the statute, the court may, in its discretion, impose "any other conditions reasonably related to [the defendant's] rehabilitation" (id. § 65.10[2][l]) and "any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (id. § 65.10[5]). Therefore, sentencing courts may require a defendant to consent to searches by his or her probation officer for weapons, illegal drugs, or other contraband so long as the condition is "individually tailored in relation to the offense" and "the defendant's particular circumstances, including his or her background, history, and proclivities" (People v Mantilla, 236 AD3d 925, 926 [internal quotation marks omitted]; see People v Grandstand, 236 AD3d 817, 818; People v Rogers, 235 AD3d 781, 782).
Here, the defendant's only prior conviction was for disorderly conduct, a violation (see Penal Law § 240.20), the offense at issue did not involve the use of a weapon or alcohol or other substances, and the defendant was not under the influence of any substances at the time of the offense. The People's reliance on unsupported facts regarding other charges that appear only in their appellate brief is unavailing. Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in imposing Condition No. 28, as that condition "was not individually tailored in relation to the offense, and was not, therefore, reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life" (People v Charles, 240 AD3d 612, 613; see People v Mensah, 221 AD3d 732, 732-733; People v Dranchuk, 203 AD3d 741; People v Acuna, 195 AD3d 854).
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court