People v Aldea (2025 NY Slip Op 06716)

People v Aldea

2025 NY Slip Op 06716

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05157
 (Ind. No. 70477/22)

[*1]The People of the State of New York, respondent,
v
Devo Aldea, appellant.

Patricia Pazner, New York, NY (Alina R. Tulloch of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered May 19, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
The defendant entered a plea of guilty to assault in the second degree and was sentenced to a term of five years of probation. As part of the sentence of probation imposed on the defendant, the Supreme Court imposed a condition of probation, Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or assist him [or her] to do so" (People v Mensah, 221 AD3d 732, 733 [internal quotation marks omitted]; see People v Mantilla, 236 AD3d 925). "In Penal Law § 65.10(2), the Legislature set forth a list of conditions intended to be rehabilitative" (People v Joseph D., 226 AD3d 922, 923; see People v Hakes, 32 NY3d 624, 629), including the condition that a defendant "[s]upport his [or her] dependents and meet other family responsibilities" (Penal Law § 65.10[2][f]). "The statute 'quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation'" (People v Sobers, 235 AD3d 908, 909 [internal quotation marks omitted], quoting People v Letterlough, 86 NY2d 259, 265). All enumerated probation conditions under Penal Law 65.10 must be "tailored to the particular defendant's case" (People v Letterlough, 86 NY2d at 263).
Under the circumstances of this case, the Supreme Court improperly imposed Condition No. 14. This condition was "not individually tailored in relation to the offense and therefore, was not reasonably related to the defendant's rehabilitation or necessary to insure that he [*2]will lead a law-abiding life" (People v Sobers, 235 AD3d at 910; cf. People v Archibald, 241 AD3d 837, 839).
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court