People v Herrera (2025 NY Slip Op 07401)

People v Herrera

2025 NY Slip Op 07401

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2023-05955

[*1]The People of the State of New York, respondent,
vHernan Herrera, appellant. (S.C.I. No. 71488/22)

Patricia Pazner, New York, NY (Victoria Broderick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Nancy Fitzpatrick Talcott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry M. Iannece, J.), rendered June 1, 2023, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 14, requiring the defendant to support dependants and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342; cf. People v Yakubov, 204 AD3d 1043, 1044; People v Alston, 163 AD3d 843, 844-845). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248; People v Morrow, 198 AD3d 922, 923).
The defendant's contention that Condition No. 14 was improperly imposed was not required to be preserved for appellate review and is not precluded by his waiver of the right to appeal (see People v Dranchuk, 203 AD3d 741, 742).
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that [a] defendant will lead a law-abiding life or to assist [the defendant] to do so'" (id., quoting Penal Law § 65.10[1]; see People v Hakes, 32 NY3d 624, 628). "The statute 'quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation'" (People v Dranchuk, 203 AD3d at 742-743, quoting People v Letterlough, 86 NY2d 259, 265; see People v Mensah, 221 AD3d 732, 733).
Under the circumstances of this case, Condition No. 14, requiring that the defendant "[s]upport dependents and meet other family responsibilities," was improperly imposed because it was not individually tailored in relation to the offense and, therefore, was not reasonably related to the defendant's rehabilitation or necessary to insure that he will lead a law-abiding life (see People [*2]v Sobers, 235 AD3d 908, 909-910; see also People v Hale, 93 NY2d 454, 461; People v Mensah, 221 AD3d at 733).
The defendant's remaining contention need not be reached in light of our determination.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court