People v Johnson

2026 NY Slip Op 03321

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Swahili Johnson, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2025-01595, (Ind. No. 73246/23)

Francesca E. Connolly, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Patricia Pazner, New York, NY (Nao Terai and Kevin Yang of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Daniel Berman of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Abena Darkeh, J.), rendered January 7, 2025, convicting him of criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is modified, on the law, by deleting Condition No. 10 from the conditions of probation; as so modified, the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court did not improperly suggest that by waiving his right to appeal, the defendant was waiving his right to assigned appellate counsel in the event he was indigent (see People v Hendricks, 224 AD3d 705, 706). Furthermore, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Ayala, 172 AD3d 1085, 1086; People v Batista, 167 AD3d 69, 73-74). Additionally, the defendant acknowledged signing the written waiver form and answered that he discussed it with his attorney before he signed it and that he understood all those discussions (see People v Batista, 167 AD3d at 74).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).

As part of the sentence of probation imposed on the defendant, the Supreme Court imposed conditions of probation, including Condition No. 10, requiring the defendant to pay a mandatory surcharge and certain fees, as directed by the court.

Pursuant to Penal Law § 65.10(1), the conditions of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so." "The statute quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation" (People v Acuna, 195 AD3d 854, 855 [internal quotations marks omitted]; see People v Letterlough, 86 NY2d 259, 265).

Here, under the circumstances of this case and as consented to by the People, Condition No. 10, requiring the defendant to pay a mandatory surcharge and certain fees, "will not assist in ensuring he leads a law-abiding life and is not reasonably related to his rehabilitation" (People v Percy, 234 AD3d 619, 619; see People v Acosta, 245 AD3d 608, 608). Accordingly, we modify the judgment by deleting Condition No. 10 from the conditions of probation.

CONNOLLY, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court